Filed Electronically

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JOSEPH H. SIMMONS                              :
                                                               07 CV 10447 (CLB)(LMS)
                Plaintiff,          :

     -against-                                :   **Answer with Affirmative Defenses**

CHEMPRENE, INC.,                               :

                Defendant.           :
------------------------------------------------------------------------x

## DEFENDANT DEMANDS TRIAL BY JURY

Defendant CHEMPRENE, INC., by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for its Answer to the plaintiff's Complaint, alleges upon information and belief as follows:

## STATEMENT OF FACTS

FIRST:   Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "FIRST" of the plaintiff's Complaint.

SECOND:   Admits the allegations contained in paragraphs "SECOND" and "THIRD" of the plaintiff's Complaint.

THIRD:   Admits the allegations contained in paragraph "FOURTH" of the plaintiff's Complaint to the extent that Ethan Allen Staffing was the plaintiff's general employer and answering defendant CHEMPRENE, INC. was the plaintiff's special employer.

1864859.1

FOURTH:    Admits the allegations contained in paragraph "FIFTH" of the plaintiff's Complaint.

### AS FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANT CHEMPRENE, INC.

FIFTH:    Defendant repeats and reiterates its responses to paragraphs "FIRST" through "FIFTH", as set forth above, as its response to paragraph "SIXTH" of the plaintiff's Complaint.

SIXTH:    Denies the allegation contained in paragraph "SEVENTH" of the plaintiff's Complaint because there is no complete diversity of citizenship as both plaintiff and defendant have citizenship in New York State.

SEVENTH:    Denies knowledge and information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "EIGHTH" of the plaintiff's Complaint.

EIGHTH:    Denies each and every allegation contained in paragraph "NINTH" and "TENTH", "ELEVENTH", and "TWELFTH" of the plaintiff's Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims against answering defendant are barred because as a special employee, the plaintiff's exclusive remedy against answering defendant, plaintiff's special employer, is the Workers' Compensation Law.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the instant action against answering defendant because diversity of citizenship is not complete as both plaintiff and defendant are citizens of New York State.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a cause of action upon which relief can be granted as against answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The answering defendant complied fully with all applicable standards of care with respect to the matters alleged in the plaintiff's Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The answering defendant complied fully with all applicable statutes and codes with respect to the matters alleged in the plaintiff's Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The answering defendant provided proper and adequate guarding, supervision and training with respect to the matters alleged in the plaintiff's Complaint.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate, obviate, diminish or otherwise act to lesson or reduce the injuries, damages and disabilities alleged in the plaintiff's Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by the plaintiff was caused by his sole, contributory or comparative negligence and in plaintiff's failure to make proper observations and exercise reasonable care under the existing circumstances.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, were caused by acts of third persons, entities or conditions over whom the answering defendant had no control and/or no duty to control.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That all risks connected with the situation as alleged in the plaintiff's Complaint were obvious and apparent and known by the plaintiff and voluntarily assumed by him.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The injuries and damages, if any, sustained by plaintiff was the result of an independent, intervening cause for which the answering defendant may not be held liable.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The injuries and damages allegedly suffered by the plaintiff, if any, (which injuries and damages are specifically denied by the defendant), were the result of culpable conduct or fault of third persons for whose conduct the defendant is not legally responsible, and the damages recovered by the plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

If and in the event answering defendant is found to be liable to the plaintiff, answering defendant's liability is 50% or less and therefore answering defendant's liability is subject to the provisions of the CPLR Article 16.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

In the event plaintiff recovers a verdict or judgment against the defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545 by the amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past

or future claimed economic loss, from any collateral source such as insurance, Social Security, workers' compensation or employee benefits programs.

**WHEREFORE**, defendant Chemprene, Inc. demands judgment dismissing the plaintiff's Complaint together with the costs and disbursements incurred in the defense of this action together and, for such other, further and different relief as this Court may deem just and proper.

Dated:   New York, New York
         January 23, 2008

                                        Yours, etc.

                          WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                          By:    __/s/ Harry P. Brett_____
                                 Harry P. Brett (HPB-3740)
                                 Attorneys for Defendant
                                 CHEMPRENE, INC.
                                 3 Gannet Drive
                                 White Plains, NY  10604
                                 (914) 323-7000  (phone)
                                 (914) 323-7001 (fax)
                                 File No.: 09870.00009

To:   Ira Maurer, Esq.
      Cahill , Goetsch & Maurer, P.C.
      Attorneys for Plaintiff
      1 Croton Point Avenue
      Croton on Hudson, NY 10520
      914-271-9474 (phone)
      914-271-9476 (fax)